IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | No. 3:13-CR-252-M |
| § | ECF |
| THOMAS S. KANTZOS (01) § | |

## FACTUAL RESUME

The defendant, Thomas S. Kantzos, the defendant's attorney, Bruce Anton, and the government, represent the following elements and facts to this Honorable Court as follows:

## ELEMENTS OF THE OFFENSE

To prove the offense as alleged in Count One of the Indictment, the government must prove each of the following elements[1] beyond a reasonable doubt:

### Count One
Exceeding Authorized Access to a Protected Computer
(Violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii))

*First:*  That the defendant accessed a computer, and exceeded his authority in accessing the information in question;

*Second:*  That the defendant did so intentionally;

---

[1] These elements are derived from 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii).  *See also United States v. John*, 597 F.3d 263, 270-273 (5th Cir. 2010) (discussing "exceeds authorized access").

Factual Resume - Page 1

***Third***: That the defendant obtained information from a protected computer; and

***Fourth***: That the offense was committed in furtherance of any criminal act in violation of the laws of the United States or of any State.

## STIPULATED FACTS

The Texas Department of Public Safety (DPS) owns and maintains a "protected computer," as defined in 18 U.S.C. § 1030(e)(2)(B). Specifically, the DPS computer is used in and affects interstate and foreign communications because it is used to access sensitive information from state and federal law enforcement computers located in all 50 states, as well as from law enforcement computers in foreign countries such as Canada. The National Crime Information Center (NCIC) computer, for example, which is located outside of the State of Texas, is one of the computers that the DPS computer automatically communicates with to access law enforcement sensitive information through the Texas Law Enforcement Telecommunication System (TLETS), a secure computer network that is only authorized for use by Texas law enforcement personnel.

Officers with the Arlington Police Department (APD) are authorized to access law enforcement sensitive information – such as motor vehicle registrations – through the DPS computer via TLETS. Authority to obtain information on the DPS computer is limited to law enforcement purposes, and access is limited by

restrictions that are memorialized in writing. APD officers receive training on the authorized use of the DPS computer through TLETS, and they are informed about the potential penalties for misuse. APD patrol cars are equipped with computers that allow APD officers to access the DPS computer via TLETS.

In December 2011, Kantzos was an officer for the APD. Prior to December 2011, Kantzos had received specialized training on the authorized use of the DPS computer through TLETS, as well as the proper use and dissemination of information obtained from it. In fact, Kantzos knew that access into the DPS computer through TLETS was limited to legitimate law enforcement use, and that he was prohibited from accessing the DPS computer for an improper or criminal purpose. Kantzos was given a unique password to access law enforcement sensitive information from the DPS protected computer through TLETS, and he signed a document acknowledging that his access was limited to official law enforcement use. Accordingly, Kantzos knew that he could not access information from the DPS computer through TLETS for his personal use, for the use of non-law enforcement personnel, or for the furtherance of any criminal act in violation of the laws of the United States or any State.

Prior to December 2011, Kantzos knew that Person A was an individual who unlawfully trafficked anabolic steroids, a Schedule III controlled substance, and

Kantzos had received anabolic steroids from Person A for both his use and for the use of some other officers with the APD. Sometime in November or December 2011, Person A suspected that he was under surveillance by the police.

On December 29, 2011, Person A observed a motor vehicle parked in the street near his house. Person A then contacted Kantzos and asked him to "run" the license plate on this vehicle because Person A was concerned that the police might be watching him and he did not want to get arrested or disrupted for trafficking anabolic steroids. Kantzos, without a legitimate law enforcement purpose, used the computer in his patrol car while he was on duty to access the DPS protected computer through TLETS under the guise of conducting a "Stolen Vehicle Investigative Inquiry."

Kantzos knew that the use of the DPS computer for this purpose exceeded authorized use, and he intentionally made the unauthorized search for information about the motor vehicle provided to him by Person A. Kantzos' computer inquiry automatically searched for information about this motor vehicle contained in law enforcement computers located in Texas and in other states, such as the NCIC computer. Kantzos then obtained information about this motor vehicle from the computer inquiry and he relayed the information to Person A. Kantzos conducted the inquiry for Person A to help Person A avoid arrest, apprehension or disruption

Factual Resume - Page 4

while Person A was unlawfully trafficking anabolic steroids.

Kantzos agrees and stipulates that on or about December 29, 2011, in the Northern District of Texas, when he was then an officer with the APD, he did intentionally exceed authorized access to a protected computer as defined at 18 U.S.C. § 1030(e)(2)(B), which belonged to DPS, utilizing TLETS to access the NCIC, and thereby obtained information, an offense he committed in furtherance of a criminal act in violation of the laws of the United States, to wit: 18 U.S.C. § 4 (misprision of a felony), 18 U.S.C. § 1512(c)(2) (obstruction and impediment of an official proceeding, and an attempt to do so), and 21 U.S.C. § 841(a)(1) (drug trafficking), in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii).  This is the offense charged in Count One of the Indictment.

[NO FURTHER INFORMATION ON THIS PAGE]

This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Kantzos' guilty plea to Count One set forth in the Indictment.

AGREED TO AND SIGNED this 14th day of October, 2013.

_____
THOMAS S. KANTZOS
Defendant

_____
BRUCE ANTON
Attorney for Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
J. MARK PENLEY
Assistant United States Attorney
Texas State Bar No. 15750700
1100 Commerce, Third Floor
Dallas, Texas   75242 - 1699
Telephone: 214.659.8600
Email: mark.penley@usdoj.gov

_____
GARY C. TROMBLAY
Deputy Criminal Chief

Factual Resume - Page 6